Gilmore, J.
The controversy in this case is.between two Presbyterian congregations, one of which is in ecclesiastical connection with the Hocking Presbytery, and is commonly called “Old School;” the other in like connection with the Athens Presbytery, and commonly called “New School,” and each calling itself “The First Presbyterian Society of the township of Gallipolis.” This society is duly incorporated as a religious society. Both parties claim the trust-fund created by the will of Bethia S. Tupper, deceased. In addition to the issues made to determine these claims respectively, the “New School” further answers in bar, that the question as to which set of trustees are the lawful trustees of the corporation, is involved, and can only be determined by proceedings in quo warranto. The issues need not be separately considered and determined.
There is, in fact, but one incorporated religious society known as “The First Presbyterian Society of Gallipolis.” There is but one organized church legally connected with it. There are two church organizations, each assuming the same name, and each claiming to be the incorporated society; and in harmony with these claims, there are two sets of trustees, each claiming to be the trustees of the corporation. Neither party claims that the franchises of. the corporation have been or ought to be forfeited. None of the trustees on either side are individually parties to the action, and can not therefore be affected officially by any decree that may be made. The “New School,” assuming to be the corporation, is voluntarily before the court, in its assumed corporate character, asking the trust to be enforced in its favor against the executor and trustee, whom it made a party. He disclosed to the court the fact that the “Old School” was setting up claims to the trust-fund, in every respect similar to those made by the “ New School,” which. *133 made it perilous for him to proceed in executing the trust without the direction of the court, and this he asked in pursuance of his statutory right. IS. & C. 621, sec. 283. This gave the court jurisdiction of the case, with the powers of a court of chancery; in the exercise of which, it ordered the “Old School” to be made a party, and required the claimants to interplead and set up the grounds of their respective claims to the trust-fund, which they did by each respectively claiming to be the corporation, and each denying the claims of the other. On the issues thus made, the court has power to proceed and ascertain the beneficiary, and enforce the trust, without requiring the claimants to establish their corporate rights at law. 2 S. & O. 1270, sec. 22.
"We find no difficulty whatever in ascertaining that Mrs*. Tupper, in creating the trust and providing the fund, intended it to be managed by the incorporated society, for the benefit of the church then connected with it. There is no conflict in the testimony on this point.
It is also clear that the church then connected with the society was what is -now known as the “ Old School” Church, and that the trustees controlling the corporation or society at the date of the will, were doing so for the benefit of this church.
¥e find, also, that there has been lawful corporate succession in the trustees representing the society in connection with the “ Old School” Church. There was an irregularity in the election of trustees of the society in 1855. But this was the only election held that yeai’, and, although it was held without previous notice, it was sufficient to constitute those elected defacto trustees for that year, and the informality could only have been taken advantage of by those having a better right (if there were such), during the current year for which they were elected. Nothing of the kind was done or attempted.
Notice was given, and both the “ Old School” and “New School” societies elected trustees in 1856. Those elected by the “ Old School” stood in the line of regular corporate *134 succession, and took the offices as trustees de jure, and the succession continued unbroken up to the time this action was commenced. We therefore find that “The First Presbyterian Society of the township of Gallipolis, in connection with the Hocking Presbytery,” plaintiff, is the beneficiary, and entitled to the relief asked for in its petition of interpleader.

Decree accordingly.

McIlvaine, C.J., Welch, White, and Res, JJ., concurred.